JOHN EBLING, Appellant, v. JOSEPH FUYLEIN, Respondent.

May 16, 1876.

Though one found in possession of real estate by the owner, who has given a written lease to a third party, is *prima facie* liable as assignee of the lease, yet it is always open to him to prove the character of his tenancy, and that he is not in fact assignee of the lease.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Gottschalk*, for appellant, cited: Rain v. Hixie, 2 Hilt. 311; Williams v. Woodard, 2 Wend. 487; Provost v. Calden, 2 Wend. 617; Carter v. Hammett, 12 Barb. 253; Grant v. White, 42 Mo. 290, 291; Rector v. Rankin, 1 Mo. 371; Armstrong v. Wheeler, 9 Cow. 88; Taylor v. Zepp, 14 Mo. 482; Major v. Rice, 57 Mo. 384; Willison v. Walkins, 3 Pet. 43; Brown v. Brown, 30 N. Y. 540; Allen

*v.* Sales, 56 Mo. 28 ; Wag. Stat. 88, secs. 33, 34, 35 ; Gunn *v.* Sinclair, 52 Mo. 327.

*Bell & Thompson,* for respondent, cited : 1 Washb. on Real Prop. 444, sec. 4 ; 1 Wag. Stat. 655, sec. 2 ; Quackenboss *v.* Clark, 12 Wend. 555 ; Bagley *v.* Freeman, 1 Hilt. 176.

BAKEWELL, J., delivered the opinion of the court.

It appears from the pleadings and evidence in this case that plaintiff, on September 15, 1869, by lease in writing, demised to one Michael Müller a certain store and dwelling-house in St. Louis, at the rent of $600 per year, payable monthly in installments of $50 per month, for the term of four years. Shortly afterwards the lessee died, leaving a widow and several minor children. The widow continued the business on the demised premises until September 9, 1872, when she sold out to defendant, and at the same date made a writing on the back of the lease, by which she assigned to defendant all her right, title, and interest in the premises, and in the unexpired term of the lease, and also attempted to assign the interest of her deceased husband in the lease. At the same time, she went with defendant to plaintiff, told plaintiff what she had done, and said that defendant would thereafter pay the rent. Defendant then asked plaintiff if he would assign the lease ; to which plaintiff replied that he would, if they wanted him to do so, but that his word was as good as his bond if the rent was paid, and Mrs. Müller then said that plaintiff had nothing to do with the lease. Neither plaintiff nor defendant signed anything. On September 15, 1872, defendant moved into the premises, and remained there till February 15th, on which day he paid all rent due to that date, delivered the key to plaintiff, and vacated the premises. It is stated in the answer, and not denied, that defendant gave one month's notice, in writing, to plaintiff that he would vacate the premises on February 15th.

Plaintiff sues on the lease, and seeks to hold defendant

for the rent due for the unexpired term, as assignee of the lease.

This cannot be done, under the evidence. Though it should be held that defendant, being found in possession by the owner who had given a written lease to a third person, was bound to explain his possession, and, in the absence of any such explanation, incurred a *prima facie* liability as assignee of the lease, yet it is always open to a tenant to prove the character of his tenancy, and that he is not in fact in as assignee of a lease.

This defendant has done by the testimony of the witnesses of the plaintiff. There is no question about the facts; and, clearly, Mrs. Müller could not assign the lease, for she was not the lessee, nor was she the legal representative of the lessee.

The court rightly held that defendant was not the assignee of the leasehold, and that his liability ceased with his occupation of the premises. The instructions asked by plaintiff, on the theory of an assignment of the lease, were properly refused. Judgment was rightly entered below for defendant; and, with the concurrence of all the judges, it is affirmed.